IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELARIO MCGILL, | ) | |
| | ) | |
| Petitioner, | ) | 8:08CV345 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL MUKASEY, Attorney General, MICHAEL CHERTOFF, Secretary of the Department of Homeland Security, SCOTT R. BANIECKE, U.S. ICE Field Office Director for the Omaha Field Office, and WARDEN OF IMMIGRATION DETENTION FACILITY, | ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Respondents. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court. Petitioner has made three claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One: Petitioner's continued detention by Respondents violates 8 U.S.C. § 1231(a)(6) *because* the six-month detention period has expired and his removal to Liberia "is not significantly likely to occur in the reasonably foreseeable future."

Claim Two: Petitioner's continued detention by Respondents violates his right to substantive due process *because* the six-month

         detention period has expired and Respondents' interest in detaining Petitioner to effectuate removal does not justify indefinite detention of Petitioner especially where Petitioner's removal to Liberia "is not significantly likely to occur in the reasonably foreseeable future."

Claim Three:  Petitioner's continued detention by Respondents violates his right to procedural due process *because* Respondents have failed to act on Petitioner's administrative request for release and there is no administrative mechanism in place for Petitioner to "demand a decision" regarding his custody status.

  Liberally construed, the court preliminarily decides that all three of these claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

  Petitioner requests the appointment of counsel. (Filing No. 2.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson,* 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire,* 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied,* 531 U.S. 984 (2000); *Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). The court finds that there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the Petition for Writ of Habeas Corpus (filing no. 1), the court preliminarily determines that the following claims are potentially cognizable in federal court: Claims One through Three as described in this Memorandum and Order.

2. Petitioner's Motion for Appointment of Counsel (filing no. 2.) is denied without prejudice to reassertion.

3. The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition for Writ of Habeas Corpus (filing no. 1) to Respondents and the United States Attorney for the District of Nebraska by regular first-class mail.

4. By **November 21, 2008,** Respondents shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **November 21, 2008**: deadline for Respondents to file answer or motion for summary judgment.

5. If Respondents elect to file a motion for summary judgment, the following procedures shall be followed by Respondents and Petitioner:

    A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

    B. The motion for summary judgment shall be supported by such records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of

      Records in Support of Motion for Summary Judgment."

  C.  Copies of the motion for summary judgment, the designation, including records, and Respondents' brief shall be served upon Petitioner except that Respondents are only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondents' brief. In the event that the designation of records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

  D.  No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

  E.  No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief.

  F.  If the motion for summary judgment is denied, Respondents shall file an answer, a designation and a brief that complies with the terms of this order. (See the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. ***Respondents are warned that the failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including the release of Petitioner.***

6.  If Respondents file an answer, the following procedures shall be

followed by Respondents and Petitioner:

A.     No later than 30 days after the filing of the answer, Respondents shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition.

B.     The answer shall be supported by all records which are relevant to the cognizable claims. Those records shall be contained in a separate filing entitled: "Designation of Records In Support of Answer."

C.     Copies of the answer, the designation, and Respondents' brief shall be served upon Petitioner except that Respondents are only required to provide Petitioner with a copy of the specific pages of the designated record which are cited in Respondents' brief. In the event that the designation of records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.     No later than 30 days following the filing of Respondents' brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

      E.    No later than 30 days after the filing of Petitioner's brief, Respondents shall file and serve a reply brief.

7.    No discovery shall be undertaken without leave of the court.

October 8, 2008.                     BY THE COURT:

                                         *s/Richard G. Kopf*
                                         United States District Judge