IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELARIO MCGILL, | ) | |
| | ) | |
| Petitioner, | ) | 8:08CV345 |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL MUKASEY, Attorney | ) | **MEMORANDUM** |
| General, MICHAEL CHERTOFF, | ) | **AND ORDER** |
| Secretary of the Department of | ) | |
| Homeland Security, SCOTT R. | ) | |
| BANIECKE, U.S. ICE Field Office | ) | |
| Director for the Omaha Field Office, | ) | |
| and WARDEN OF IMMIGRATION | ) | |
| DETENTION FACILITY, | ) | |
| | ) | |
| Respondents. | ) | |

This matter is before the court on Respondents' Motion to Dismiss. (Filing No. 14.) In support of their Motion, Respondents have submitted an Index of Evidence. (Filing No. 15.) In response, Petitioner submitted a Notice stating that he has been released from Respondents' custody. As set forth below, the Motion to Dismiss is granted.

### I. BACKGROUND

On August 4, 2008, Petitioner Elario McGill ("McGill") filed his Petition for Writ of Habeas Corpus ("Petition"), alleging that he was being unlawfully held in violation of 8 U.S.C. § 1231(a)(6) because the six-month detention period has expired and his removal to Liberia "is not significantly likely to occur in the reasonably foreseeable future." (Filing No. 1.) Plaintiff sought release from Respondents' custody. (*Id.*) Petitioner was released from Respondents' custody on December 10, 2008. (Filing No. 15-2, Attach. 1, at CM/ECF pp. 1-3; Filing No. 16.)

## II. ANALYSIS

Individuals seeking release from the custody of the United States through a habeas corpus petition must be "in custody." 28 U.S.C. § 2241(c). An individual satisfies the "in custody" requirement if he is incarcerated "at the time the petition was filed" and a petition for a writ of habeas corpus does not become moot simply because the petitioner fulfills his sentence. Spencer v. Kemna, 523 U.S. 1, 7 (1998). However, if a petitioner is released from custody while his habeas corpus petition is pending, the petition is moot unless "some concrete and continuing injury other than the now-ended incarceration . . . some 'collateral consequence'" exists. Id. (citation omitted). Such "collateral consequences" are required in order to satisfy the jurisdictional "case or controversy requirement" for federal judicial proceedings. Id. Stated another way, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision," or his petition is moot. Id. (quotation omitted).

Here, Petitioner was not convicted of any criminal charge. Although McGill filed his Petition while he was still in the custody of Respondents, he was subsequently released from their custody. (Filing No. 15-2, Attach. 1, at CM/ECF pp. 1-3; Filing No. 16.) Therefore, unless McGill is subject to some collateral consequence, his Petition is moot. McGill has not submitted any argument or evidence regarding collateral consequences and none are apparent in the record. In fact, McGill sought to be released from Respondents' custody pending deportation to Liberia. (Filing No. 1.) Petitioner has received the exact relief he requested and the court can issue no decision against Respondents and in favor of Petitioner which would further the relief sought by Petitioner. The court finds that there is no continuing injury traceable to Respondents, and McGill's Petition is therefore dismissed.

IT IS THEREFORE ORDERED that:

1. Respondents' Motion to Dismiss (filing no. 14) is granted.

2. Petitioner Elario McGill's Petition for Writ of Habeas Corpus (filing no. 1) is denied in all respects and this action is dismissed with prejudice.

3. All other pending motions are denied as moot.

4. A separate judgment will be entered in accordance with this Memorandum and Order.

February 5, 2009.          BY THE COURT:

                           *s/Richard G. Kopf*
                           United States District Judge